UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX DAKIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:19-cv-00818-GPC-BGS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 13]** |

Before the Court is the Defendant BMW of North America, LLC's ("BMW" or "Defendant") motion to dismiss the first amended complaint ("FAC"). ECF No. 13. Alex Dakin ("Plaintiff" or "Dakin") filed an opposition on October 17, 2019. ECF No. 14. BMW filed a reply on October 25, 2019. ECF No. 15. For the reasons discussed below the Court **GRANTS** BMW's motion to dismiss with partial leave to amend.

## BACKGROUND

Plaintiff filed the FAC on June 24, 2019. ECF No. 8. Plaintiff alleges causes of action against BMW for violations of the California Commercial Code ("Cal. Comm. Code"), the Magnuson Moss Warranty Act ("MMWA"), and California's Unfair Competition Law ("UCL").

Plaintiff is an "ordinary vehicle purchaser" who resides in San Diego county. FAC ¶¶ 3, 11. BMW is a Delaware corporation that manufactures and sells motor vehicles, with its principal place of business in New Jersey. *Id.* ¶ 4. Plaintiff alleges that he

purchased a pre-owned 2012 BMW X-1 equipped with an N20 Engine (the "Subject Vehicle") in January 2018. *Id.* ¶ 9. In March of 2019, Plaintiff alleges that the Subject Vehicle experienced "catastrophic engine failure." *Id.* ¶ 10. At this time, the vehicle had 84,900 miles, and the time period for unilateral express warranty for the Subject Vehicle had terminated. *Id.* ¶ 10. A BMW service department record stated the following about the Subject Vehicle: "Engine timing chain module disintegrated causing motor oil starvation." *Id.*

Plaintiff alleges that this "catastrophic engine failure" was due to the primary chain guide assembly in the Subject Vehicle's N20 engine, which Plaintiff alleges was constructed of defective plastic material which caused the engine to prematurely and catastrophically fail. *Id.* ¶ 6. The N20 engine's chain guide assembly is made of "defective polycarbonate composition, which over time becomes brittle and breaks into tiny pieces." *Id.* These pieces then accumulate and cause the failure of the oil pump to provide lubricating oil, thereby causing the engine's failure. *Id.* According to the FAC, BMW has known about these issues with the N20 engine since 2013 and has since redesigned the chain assembly components to correct these deficiencies in the N20 engine. *Id.* ¶ 7.

Plaintiff alleges that BMW intentionally failed to inform Plaintiff that the Subject Vehicle had this defect that would cause the engine to prematurely fail and omitted this information from the owner's manual and warranty and maintenance pamphlet. *Id.* ¶¶ 14, 16. Plaintiff further alleges that BMW refused to replace Plaintiff's engine and as a result, Plaintiff paid $3,850 to replace the engine out of pocket. *Id.* ¶¶ 14, 15.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required

only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). The Court evaluates lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## I. Implied Warranty of Merchantability

Plaintiff alleges breach of implied warranty of merchantability under the California Commercial Code, which states that "a warranty that the goods shall be merchantable is

implied in a contract for their sale if the seller is a merchant with respect to goods of that kind" and provides that goods "to be merchantable must be at least such as . . . fit for ordinary purposes for which such goods are used." Cal. Comm. Code §§ 2314(1)-(2).

Under California law, a plaintiff alleging a breach of implied warranty claim must be in vertical privity with the defendant. *See Clemens v DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (consumer who purchased car from retailer was not in vertical privity with car manufacturer). "A buyer and seller stand in privity if they are in adjoining links of the distribution chain." *Id*. Federal courts in this circuit have declined to create new exceptions to this "tight vertical privity requirement" because California courts "have painstakingly established the scope of the privity requirement . . . and a federal court sitting in diversity is not free to create new exceptions to it." *Id*. at 1024. "Under California law, action for breach of implied warranty requires, without exception, that plaintiff be in vertical privity with defendant." *Allen v. Hyland's Inc*., 300 F.R.D. 643 (C.D. Cal. 2014). A limited exception to the vertical privity requirement has been recognized for third-party beneficiaries. *See Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 947 (C.D. Cal. 2012) (citing *In re Toyota Motor Corp.,* 754 F.Supp.2d 929, at 1185 (C.D. Cal 2010)).

Defendant alleges that Plaintiff's claim for breach of implied warranty should be dismissed for failure to allege vertical privity.[1] In the FAC, Plaintiff does not describe who sold him the Subject Vehicle or where he purchased it, but only describes the car as "pre-owned." FAC ¶ 9. Therefore, Plaintiff has failed to allege sufficient facts to establish vertical privity and, on this basis, Plaintiff's claim for implied warranty of merchantability should be denied. In a footnote in Plaintiff's opposition to the motion to dismiss, Dakin notes that he purchased the vehicle from his mother and concedes that he

---

[1] In the alternative, Defendant also argues that Plaintiff has failed to allege any facts to establish that the Subject Vehicle fails to meet its basic purpose, and that Plaintiffs' allegations regarding design defects are irrelevant to claims of breaches of warranty. Plaintiff opposes. Since the Court dismisses Plaintiff's claim on the basis of vertical privity, these arguments are rendered moot.

4

failed to allege this in the FAC, requesting leave to amend if his implied warranty claim fails due to this omission. ECF 14 at 8 n.1. Plaintiff asserts that an exception for vertical privity exists for members of the original purchaser's family, citing *Hauter v. Zogarts*, 14 Cal.3d 104, 115 n.8 (1975). However, the *Hauter* court did not recognize a privity exception for actions based upon the implied warranty of merchantability. *Id.* Instead, it observed that privity was not required for a purchaser's family member in an action based upon an express warranty. The Court declines to recognize a new exception on the basis of family membership to the noted "tight vertical privity requirement" under California law and therefore **DISMISSES** Plaintiff's implied warranty claim with prejudice.[2]

## II. Breach of Express Warranty

Plaintiff alleges breach of express warranty under California Commercial Code § 2313(1), which states:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

Cal. Comm. Code § 2313(1). Plaintiff alleges that BMW fraudulently concealed and/or actively suppressed the defect during the warranty period. ECF No. 14 at 9. Plaintiff further alleges that BMW failed to honor its warranty to fix the defect in the Subject Vehicle during the warranty period, and that the durational limits of BMW's warranties are oppressive, unreasonable, and unconscionable.

---

[2] Plaintiff additionally alleges he is a third-party beneficiary between BMW and the original purchaser but fails to sufficiently provide any factual detail to substantiate a finding of a third-party beneficiary relationship with BMW. FAC ¶ 6. Further, federal district courts are split on whether to create a third-party beneficiary exception to the privity requirement under California law. *See Mandani v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-07287-HSG, 2019 WL 652867, at *6 (N.D. Cal. Feb. 15, 2019) (citing *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 786–88 (N.D. Cal. 2017) (summarizing the split)). This Court declines to find a third-party beneficiary exception to California's privity requirement under *Clemens*.

5

"The general rule is that an express warranty does not cover repairs made after the applicable time or mileage periods have elapsed." *Clemens*, 534 F.3d at 1023. "Every manufactured item is defective at the time of sale in the sense that it will not last forever." *Id.* "If a manufacturer determines that useful life and warrants the product for a lesser period of time, we can hardly say that the warranty is implicated when the item fails after the warranty period expires." *Id.* The *Clemens* court adopted the reasoning of the Second Circuit in *Abraham v. Volkswagen of Am., Inc.,* 795 F.2d 238, 250 (2d Cir.1986) where the court held that a breach-of-warranty claim for post-warranty component problems could not proceed after the warranty period even if the defendant knew of the defects at the time of sale.

Plaintiff alleges that the Subject Vehicle's "express powertrain limited warranty" provided coverage for "4 years or 50,000 miles whichever occurs first, from the date the vehicle was first placed in service." *Id.* at ¶ 37. Plaintiff alleges that this powertrain warranty covered "all internal [engine] parts" including the engine primary and secondary chain assemblies. *Id.* Plaintiff concedes that at the time of the engine failure in March of 2019, the Subject Vehicle was no longer covered by the warranty period, and that the vehicle had 84,900 miles. FAC ¶ 10.

Plaintiff urges this Court to follow *Hicks v. Kaufman & Broad Home Corp*., 89 Cal. App. 4th 908 (2001) and find that limitation on repair warranties should not apply when the product is inherently defective at the time of delivery. ECF No. 14 at 10. In *Hicks*, the court held that if an inherent defect in a house foundation was "substantially certain to result in malfunction" then plaintiff could establish a breach of express and implied warranties. However, the *Hicks* court also noted that house foundations "are not like cars or tires," which have a "limited useful life." *Hicks*, 89 Cal. App. 4th at 923. Therefore, the Court declines to apply the *Hicks* court's reasoning for house foundations to this instant case since, to do so, would "render meaningless any durational limits . . . as every defect that arises could conceivably be tied to an imperfection existing during the

warranty period.'" *Daniel v. Ford Motor Co.*, 2013 WL 3146810, at *5 (E.D. Cal. June 18, 2013) (rejecting the application of *Hicks* to vehicle warranty) (citations omitted).

Plaintiff argues in the alternative that BMW's warranty duration and mileage limitations are unconscionable. FAC ¶ 52. Under California law, "unconscionability has both a procedural and substantive element." *Aron v. U–Haul Co. of Cal.,* 143 Cal.App.4th 796, 808 (2006). A contract or contractual clause is invalid as unconscionable only if both elements are present, "although the degree to which each must exist may vary." *Id.*

Procedural unconscionability exists when a contract which reflects "an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." *Seifi v. Mercedes-Benz USA, LLC*, 2013 WL 2285339, at *4 (N.D. Cal. May 23, 2013) (citing *A & M Produce Co. v. FMC Corp.,* 135 Cal.App.3d 473, 486 (1982)). Since Plaintiff has failed to allege the circumstances where he was denied a meaningful choice – *e.g.*, where he purchased the car and how BMW denied him the opportunity for negotiation – his claim for procedural unconscionability fails.

The substantive element of unconscionability focuses on the actual terms of the agreement and evaluates whether they create "'overly harsh' or 'one-sided' results as to 'shock the conscience.'" *Seifi*, 2013 WL 2285339, at *5 (citing *Aron,* 143 Cal.App.4th at 808). Plaintiff alleges that given BMW's concealment of the engine defect, the durational limits of the warranty are unconscionable. In *Seifi*, court held that even accepting as true plaintiffs' allegation that the car manufacturer knew about the car's defective gears, plaintiffs failed to sufficiently allege that the warranty durational limits (*i.e.*, either 48 months or 50,000 miles) were unconscionable since these limits did not "on their face shock the conscience." *Seifi*, 2013 WL 2285339, at *5. Here, BMW's warranty is even more expansive in its coverage than the warranty in *Seifi* since it provides for repairs within either 4 years or 50,000 miles. Therefore, Plaintiff's claim of substantive unconscionability fails.

Accordingly, the Court **DISMISSES** Plaintiff's claim of breach of express warranty with leave to amend.

## III. Magnuson-Moss Warranty Act

Plaintiff alleges breaches of implied warranty and express warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2130(d)(1), 2310(e). The pleading requirements for breach of express or implied warranty claims under Magnuson-Moss Warranty Act are the same as those under state law and will "stand or fall with" claims under state law. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015). Since both state claims have been dismissed, the MMWA claim is accordingly also dismissed. Plaintiff is granted leave to amend the MMWA claim only with respect to the express warranty.[3]

## IV. Unfair Competition Law

Finally, Plaintiff alleges breach of unfair competition law under California's Business & Professions Code §§ 17200 *et seq* ("Unfair Competition Law" or "UCL"). In order to state a claim for a violation of UCL, the Plaintiff must allege that BMW NA committed a business act that is either "fraudulent, unlawful, or unfair." *Vargas v. HSBC Bank USA, N.A.*, 2012 WL 3957994, at *8 (S.D. Cal. Sept. 10, 2012) (citing *Levine v. Blue Shield of Cal.,* 189 Cal.App.4th 1117, 1136 (2010)). The purpose of the law is "to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.,* 45 P.3d 243 (Cal. 2002). Each prong of § 17200 describes a separate and distinct theory of liability. *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1127 (9th Cir. 2009). The unlawful prong incorporates other

---

[3] Defendant alleges that under federal law, Plaintiff is required to first submit his claims to informal dispute settlement mechanism. 15 U.S.C. §§ 2302, 2310(a)(3), (d)(1), (e). Plaintiff opposes, stating that BMW failed to comply with federal regulations requiring certain disclosures be listed on the same page where the warranty text begins. In support for his argument, Plaintiff submitted a BMW warranty Service and Warranty Information manual as an exhibit attached to his opposition. Although the Court notes that the requisite disclosures in this attached exhibit are not listed on the same page where the warranty text begins, the Court also notes that the Subject Vehicle in question is not listed as one of the vehicles covered by the booklet in question. ECF No. 14 at 23, Ex. A at 1. Therefore, the booklet is inapplicable and if Plaintiff files an amended complaint, Plaintiff is directed to submit the Service and Warranty Information manual that covers the Subject Vehicle model.

laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000). Since all of Plaintiff's claims for express and implied warranty and for violation of the MMWA have been dismissed, Plaintiff's allegations fail to establish breach of the UCL unlawful prong.

As to the fraudulent prong, "fraudulent acts are ones where members of the public are likely to be deceived." *Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1152 (9th Cir. 2008). Allegations of fraud under section 17200 must comply with Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule 9(b) particularity requirement to UCL claim grounded in fraud). The Ninth Circuit has held that in order to meet this standard, a "complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *see also McMaster v. United States*, 731 F.3d 881, 897 (9th Cir. 2013). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns*, 567 F.3d at 1124 (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted). Mere "conclusory recital[s]" of alleged misconduct without demonstrating how any of the misconduct was perpetrated do not pass muster. *Mosarah v. SunTrust Mortg.*, 2012 WL 2117166 (E.D. Cal. 2012). The heightened pleading standard does not apply to state-of-mind allegations. Fed. R. Civ. P. 9(b).

Plaintiffs allege that BMW fraudulently concealed information related to the expected life of the vehicle's engine. FAC ¶ 13. By actively concealing the engine defect from Plaintiff and other Californians during the warranty period and refusing the replace failed engines after the warranty period, Plaintiff argues that BMW engaged in unfair conduct in violation of the UCL. FAC ¶¶ 75-78. Specifically, Plaintiff alleges BMW has known about N20 Engine catastrophic failure issues since 2013, and began to

9

redesign chain assembly components in an effort to correct system deficiencies that were causing N20 catastrophic engine failures, and "[w]hile the defect *appears to be cured*, there remains a countless number of 2012 – 2015 BMW vehicles still in use and/or on the market which are equipped with the defective polycarbonate module . . . BMW and its authorized dealerships refuse to acknowledge the defect and refuse to replace the engine, causing financial injuries to unsuspecting BMW owners." *Id.* ¶¶ 7, 8 (emphasis added). Here, Plaintiff has only provided conclusory allegations with respect to BMW's active fraudulent concealment of any engine defect. For these reasons, Plaintiff's claims under the fraudulent prong of the UCL are dismissed.

As to the unfair prong, "[a]n unfair business practice is one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.' " *McDonald v. Coldwell Banker,* 543 F.3d 498, 506 (9th Cir. 2008) (quoting *People v. Casa Blanca Convalescent Homes, Inc.,* 159 Cal.App.3d 509, 530 (1984)). Plaintiff alleges that BMW's conduct is unfair since BMW's conduct causes harm to Californians, and that this harm outweighs the utility of BMW's conduct. FAC ¶ 74. *In Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (Cal. 1999), the court rejected Plaintiff's articulation of unfairness as "too amorphous" since it provides "too little guidance to courts and businesses." *Id.* at 185. The *Cel-Tech* court held that the unfairness prong requires the following instead:

> When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

*Cel-Tech*, 20 Cal. 4th 163, 187 (1999). In *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (2006), *as modified* (Nov. 8, 2006), the court applied the *Cel-Tech* standard and held that the vehicle manufacturer's failure to disclose a defect that may have shortened the life span of the automobile part, which functioned throughout the term of

10

its express warranty, did not meet the standard under the UCL's unfairness prong. The *Daugherty* court noted that the "use of less expensive and less durable materials in vehicles to make more money did not violate public policy . . . and no warranty or other agreement was violated." *Id.* (citing *Bardin v. Daimlerchrysler Corp.* 136 Cal.App.4th 1255, 1270 (2006)). Similarly, here Plaintiff's allegations regarding BMW's conduct fail to meet the unfairness standard as articulated by the *Cel-Tech* and *Daughtery* courts and is accordingly dismissed.

In sum, Plaintiff's claims under the UCL are **DISMISSED** with leave to amend.

## CONCLUSION

Defendant's motion to dismiss the first amended complaint is **GRANTED**. Plaintiff is granted partial leave to amend within the next 30 days.

**IT IS SO ORDERED.**

Dated: November 6, 2019

Hon. Gonzalo P. Curiel
United States District Judge